UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Greenerd Press & Machine
Co., Inc.

    v.                                              Case No. 09-cv-404-LM

JS International Shipping Corp.,
d/b/a JSI Logistics

    v.

Wallenius Wilhelmsen Logistics
Americas, LLC


**O R D E R**

    Plaintiff Greenerd Press & Machine Co. ("Greenerd") moves for a protective order, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure ("Federal Rules"). The order it seeks would have the effect of precluding defendant JS International Shipping Corp. ("JSI") and third-party defendant Wallenius Wilhelmsen Logistics Americas, LLC ("Wallenius") from disclosing certain information about Greenerd's pricing and profits to non-parties. JSI and Wallenius both object. For the reasons given, Greenerd's motion for a protective order is granted.

    Briefly stated, the factual background is as follows. Greenerd arranged with JSI to ship three presses from China to a customer of Greenerd's in Indiana, Ashley Industrial Molding Co.

("Ashley"). This suit arises from Greenerd's dissatisfaction with the price that JSI ultimately charged for shipping the presses which, in Greenerd's view, was substantially in excess of JSP's original estimate. According to Greenerd, it lost profits on its deal with Ashley as a result of JSI's failure to abide by its original estimate. Wallenius is a third-party defendant from which JSI seeks contribution and indemnification.

In its motion, Greenerd acknowledges that because it is seeking its lost profits, its profit margin is discoverable. What it seeks to prevent, however, is disclosure of its profit margin to non-parties such as Ashley. Greenerd argues that it could be placed at a competitive disadvantage if its profit margin were to be disclosed to its competitors or customers.

Under the Federal Rules, "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" by, among other things, "requiring that a trade secret or other confidential . . . commercial information not be revealed or be revealed only in a specified way." Fed. R. Civ. P. 26(c)(1)(G). "To demonstrate good cause under this provision, the party seeking the protective order must show that the information sought is a trade secret or other confidential information, and that the harm caused by its disclosure outweighs the need of the

party seeking disclosure." 6 James Wm. Moore, Moore's Federal Practice § 26.105[8][a], at 26-548 (3d ed. 2010); see also Gill v. Gulfstream Park Racing Ass'n, Inc., 399 F.3d 391, 400 (1st Cir. 2005) ("Under Rule 26, the trial court is required to balance the burden of proposed discovery against the likely benefit.") (citations omitted). "A finding of good cause must be based on a particular factual demonstration of potential harm, not on conclusory statements." Anderson v. Cryovac, Inc., 805 F.2d 1, 7 (1st Cir. 1986) (citing 8 C. Wright & A. Miller, Federal Practice and Procedure § 2035, at 264-65 (1970); Gen. Dynamics Corp. v. Selb Mfg. Co., 481 F.2d 1204, 1212 (8th Cir. 1973); Koster v. Chase Manhattan Bank, 93 F.R.D. 471, 479-80 (S.D.N.Y. 1982); Schlagenhauf v. Holder, 379 U.S. 104, 118-19 (1964)). Finally, if the party seeking a protective order demonstrates good cause, "the burden shifts to the party seeking discovery to establish that disclosure of the confidential information is relevant and necessary." 6 Moore, supra, § 26.105[8][a], at 26-548 to 16-258.1.

    JSI and Wallenius both object to the protective order Greenerd seeks, arguing that that it is actually intended to conceal, from Ashley, various misrepresentations Greenerd made to Ashley and other sharp business practices Greenerd engaged in while dealing with Ashley. According to JSI, the things

Greenerd seeks to conceal do not qualify as trade secrets for purposes of Rule 26.  JSI further argues that the proposed protective order would prevent it from taking discovery from Ashley concerning Greenerd's misrepresentation which, in its view, is relevant and probative of essential issues.  Wallenius argues that Greenerd has not shown good cause for the order it seeks.  Wallenius further argues that even if there were good cause for a protective order, its need to use the information Greenerd seeks to protect at depositions and pleadings outweighs Greenerd's interest in keeping the information confidential.  The court does not agree.

   Turning first to good cause, the court concludes that Greenerd has shown good cause for wanting to protect information about its profit margins.  Greenerd has expressed a concern about disclosure of its profit margins to both competitors and customers.  JSI and Wallenius appear amenable to preserving the confidentiality of Greenerd's profit margin vis à vis competitors, but insist that they must be allowed to share that information with Ashley, one of Greenerd's customers.  It appears to be undisputed that Greenerd did not disclose its profit margin to Ashley during the course of its business relationship with Ashley.  That, it would seem, establishes both that Greenerd's profit margin is confidential commercial

information and that Greenerd would be harmed by disclosure of its profit margin to Ashley, a customer from which it had previously withheld that information.  While the harm may be slight, the court cannot say that it is non-existent.

On the other hand, it is obvious that JSI and Wallenius need to know Greenerd's profit margin, and Greenerd agrees. But, the court can discern no reason why JSI needs to disclose Greenerd's profit margin to Ashley in order to defend against Greenerd's claims, and no reason why Wallenius needs to disclose Greenerd's profit margin to Ashley in order to defend against JSI's claims.  JSI's brief explains why JPI thinks Greenerd wants to keep its profit margin confidential from Ashley, but it says nothing about why it needs Ashley to know that information in order to defend against Greenerd's claims.

Wallenius argues that because Greenerd is seeking to recover for damage done to its goodwill resulting from JSI's actions, JSI needs to be able to ask customers "if, for example, they did not want to deal with Greenerd in the future because Greenerd sought unreasonable amounts of profit from shipping estimates."  Def.'s Mem. of Law (doc. no. 26), at 7.  There is nothing to prevent JSI or Wallenius from asking that question. All the protective order would do is prevent JSI and Wallenius from feeding Ashley a factual premise for answering the

5

question.  If no one from Ashley knew Greenerd's profit margin before being deposed by JSI or Wallenius then, necessarily, Greenerd's profit margin could not be the basis for any loss by Greenerd of Ashley's goodwill.

In sum, even though Greenerd's harm from disclosure may be small, it is greater than the need to disclose on the part of JSI or Wallenius.  They have demonstrated no legitimate need to disclose Greenerd's profit margin to Ashley.  Thus, Greenerd has established good cause for the protective order it seeks.

Because Greenerd has shown good cause, JSI and Wallenius have the burden of establishing that disclosure of Greenerd's profit margin to Ashley is relevant and necessary.  See 6 Moore, supra, § 26.105[8][a], at 26-548 to 16-258.1.  The most cogent argument on this point is provided by Wallenius:

> If JSI and Wallenius are not allowed to question the
> plaintiff's customers regarding their attitude toward
> the plaintiff, including whether the customer
> suspected a greater than reasonable mark-up of
> shipping costs, whether they calculated the profit
> margin, etc. then JSI and Wallenius cannot defend
> claims of goodwill.  If JSI and Wallenius cannot
> inquire of the customer regarding those matters, they
> also cannot defend claims of lost profit by showing
> that the plaintiff was not entitled to the claimed
> profit in any event.

Def.'s Mem. of Law, at 8.  There is nothing in the proposed protective order that would bar JSI and Wallenius from making the inquiries described above.  As noted, all the protective

order would do is prevent JSI and Wallenius from telling Ashley about Greenerd's profit margin.  But Ashley's reaction to something it learns for the first time at a deposition is neither relevant nor necessary to JSI's or Wallenius's defense.  Finally, Wallenius does not indicate – nor can the court discern – how Ashley's post-hoc reaction to Greenerd's profit margin could have any bearing on whether Greenerd is entitled to the lost profits it seeks.  Accordingly, JSI and Wallenius have failed to carry their burden of establishing their entitlement to disclose Greenerd's profit margin to Ashley.

For the reasons given, Greenerd's motion for a protective order, doc. no. 21, is granted.  The proposed stipulation attached to Greenerd's motion, *i.e.*, doc. no. 21-1, with minor edits made by the court, shall be entered as an order of the court.

SO ORDERED.

_____
Landya McCafferty
United States Magistrate Judge

Date:  March 29, 2011

cc:  Kevin C. Devine, Esq.
     Thomas J. Fay, Esq.
     Elsabeth D. Foster, Esq.
     Courtney H. G. Herz, Esq.
     Robert R. Lucic, Esq.